**LAMOTHE v. LAMOTHE.**

No. 5431.

Court of Appeals of Louisiana. Second Circuit.

April 30, 1937.

J. Norman Coon, of Monroe, for appellant.

M. C. Redmond, of Monroe, for appellee.

DREW, Judge.

For a cause of action, plaintiff has filed the following petition:

"The petition of Steven C. Lamothe, a citizen and resident of the parish of Rapides, La., and herein represented by his undersigned attorneys, with respect represents:

"1. That Lucy Lamothe is a citizen and resident of the parish of Ouachita, state of Louisiana, and is the defendant herein.

"2. That your petitioner and defendant were divorced on the 22d day of June, 1936, under a judgment rendered by your honorable court. That practically all of the property belonging to your petitioner and the defendant herein, was community property and especially that certain business located in the city of Monroe, known as the Lamothe Funeral Home. That after they were divorced, your petitioner and defendant herein divided the property belonging to the community and among other things your petitioner became the owner of one-half of the accounts receivable of the Lamothe Funeral Home of Monroe, La., and of one-half of all the books and records showing such accounts and more particularly the following books and records:

"(a) A funeral record book containing statements of accounts receivable and addresses of debtors from January 1, 1932, to July 1, 1935.

"(b) A general ledger in which accounts receivable were placed and in which credits were entered.

"(c) A general receipt book, which also shows collections from January 1, 1932, to January 1, 1935.

"3. That your petitioner, as the owner of an undivided one-half interest in the accounts receivable and an undivided one-half interest in the books hereinabove described, has a right to have access to such books which have remained in the possession of the defendant since the settlement of property between them. That the defendant has failed and refused to allow your petitioner access to the above described books for the purpose of obtaining the addresses of debtors in order that he can collect the one-half of the accounts receivable due him. That your petitioner has requested this information from the defendant upon several occasions and more particularly about ———— months ago, through his attorney, Mr. J. Norman Coon.

"4. That your petitioner realizes that such books as hereinabove described are not divisible in kind, but is entitled to and desires to be given possession of said books for a reasonable length of time in order for him to obtain the necessary information from them for the purpose of collecting the accounts receivable belonging to him. That your petitioner is entitled to possession of the books hereinabove described and fears that the defendant, who has taken possession of said books, may send them out of the jurisdiction of this court during the pendency of this suit, or that either defendant will conceal, part with or dispose of said books in her possession during the pendency of this suit, to the prejudice of your petitioner.

"5. That your petitioner is entitled to have a writ of sequestration issued herein, upon posting the bond to be fixed by your honorable court, directing and commanding the sheriff of Ouachita parish, La., to seize and hold in his possession until the further orders of this honorable court, the movable property hereinabove described.

"Wherefore, petitioner prays, the premises considered, a writ of sequestration issue herein, upon petitioner posting bond in an amount to be fixed by your honorable court, commending and directing the sheriff of Ouachita parish, La., to seize and hold in his possession until the further orders

of this honorable court, the following described movable property now in the possession of Lucy Lamothe, the defendant herein:

"(a) A funeral record book containing statements of accounts receivable and addresses of debtors from January 1, 1932, to July 1, 1935.

"(b) A general ledger in which accounts receivable were placed and in which credits were entered.

"(c) A general receipt book, which also shows collections from January 1, 1932, to January 1, 1935.

"Further prays, that upon due trial hereof, that your petitioner as the owner of an undivided one-half interest in said movable property, be decreed to be entitled as such to possession thereof for a reasonable term to be fixed by your honorable court.

"Further prays for all orders necessary, and for general and equitable relief."

Defendant filed exceptions of no cause and no right of action, which were sustained below, and plaintiff has perfected an appeal to this court.

Plaintiff did not sue as head and master of the community of acquets and gains, but, to the contrary, as alleged, there is no longer any community, that it has been divided between them. All the property possible to divide in kind has been so divided and the accounts contained in the books sequestered here were by agreement in the settlement of the community of acquets and gains to be owned in indivision by plaintiff and defendant, the interest being an undivided one-half each. The plaintiff and defendant are therefore in the same position as though they had never been husband and wife. Hence, he has no right to claim the right to collect the accounts as head and master of the community as he would have had if there had been no settlement of the community. He does not sue for a partition of the property held in indivision with defendant. He does not sue for an accounting. He merely asserts his right as owner in indivision and prays that the books be given to him in order that he may collect the accounts due. He has no better right to the books than defendant. If the contention made by plaintiff in his petition is sustained, then defendant would be justified in immediately filing a similar suit against

plaintiff and have the books returned to her.

Plaintiff contends that to dismiss his suit would be equal to saying he has a right without a remedy. We disagree with him in this respect. He has a right and the law provides him with the remedy. He has failed to avail himself of the remedy provided by law.

The exception of no cause of action was properly sustained below, and the judgment is affirmed in that respect.

The exception of no right of action should have been overruled and, the judgment below sustaining it is reversed.